Case No. 22-1877

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

MYKAEL BOOKER,

*Defendant-Appellant*.

**MOTION TO CONTINUE / VACATE CLERK'S PROCEDURAL ORDERS TO ALLOW FOR THE FILING APPELLANT'S FINAL REPLY BRIEF; RENEWED REQUEST FOR ORAL ARGUMENT**

Pursuant to the Federal Rules of Appellate Procedure, Fed. R. App. P. 25(a)(4), 27(b), 34(a)(2), 45, and corresponding provisions of this Court's Local Rules, Defendant-Appellant Mykael Booker ("Mr. Booker"), hereby moves to vacate the procedural orders docketed at [CM/ECF 93, 95], continue and/or postpone the submission of the case for calendaring to allow for the filing of Appellant's Reply Brief within 21 days following the entry of the Court's order on this motion, and stay any decision on whether the case should be scheduled for argument or submitted on the briefs until such time—and states, as follows, in support of the instant motion:

**BACKGROUND**

1. When Mr. Booker filed his opening brief roughly six months ago, the Supreme Court had just granted certiorari on "'[w]hether 18 U.S.C. § 922(g)(3)…

- 1 -

which prohibits the possession of firearms by [unlawful drug users] … violates the Second Amendment'." Appellant's Br. [CM/ECF No. 76] (filed Dec. 30, 2025), at 14 (referring to *United States v. Hemani, cert. granted*, 146 S. Ct. 326 (Oct. 20, 2025)). As explained therein, Mr. Booker's appeal stems from his conviction and sentence for "possessing ammunition" under a different subsection of the same statute; specifically, the case constitutionality of 18 U.S.C. § 922(g)(1), which makes it a crime for "any person… who has been convicted" of a crime that is "punishable by imprisonment for a term exceeding one year" to "possess" either a firearm, or ammunition, for any reason. *See* Appellant's Br. at 3-4. By the time the Government filed its Appellee Brief [CM/ECF No. 89] on April 6, 2026, the *Hemani* case had already been argued and was pending for decision.

2. On April 27, 2026, the undersigned counsel sought and obtained a 30-day extension of the deadline to file the final reply brief "in light of recent and anticipated developments in the law since the opening brief was filed" [CM/ECF No. 90, 91].

3. As of late May 2026, the *Hemani* case was still pending, though the decision was clearly imminent, with the Supreme Court's current term coming to a close.[1] Accordingly, after obtaining the Government's consent to a second extension request, the undersigned counsel sought another modest 30-day extension of the deadline for filing the final reply brief. *See* Motion to Extend Deadline for Appellant's Reply Brief [CM/ECF No. 92] (May 27, 2026) ("The extension is being sought in anticipation of

---

[1]     *See, e.g.,* Kelsey Adams, *Scotus Focus: The Supreme Court's Drug Test*, SCOTUSBLOG (May 26, 2026 ("The Supreme Court is expected to rule soon in *United States v. Hemani*, a closely watched case addressing drug users' gun rights.")

the Supreme Court's pending decision on the constitutionality of 18 U.S.C. § 922(g) in *United States v. Hemani…*").

4. On May 28, 2026, a scheduling notice indicating that the case had already been calendared for "submission… on the briefs" (*i.e.,* without oral argument) appeared on the docket, as follows:

> … The Court has determined that oral argument is not required. *See* I.O.P. 34(a)(4). The case noted above is scheduled for submission to the Court on the briefs of the parties and the record on Wednesday, July 29, 2026. You will be promptly advised of the Court's decision, or any other order or directive it may issue.

[CM/ECF No. 93].

5. Upon consultation with the Clerk's Office, the undersigned counsel learned that the earlier filed motion for a second extension [CM/ECF No. 92] had been "locked" and was not properly before the Court, because it had been docketed under the option for a "*motion to extend time (generic)*" instead of selecting the option for a "*motion to extend time to file brief*" in the Court's electronic filing system.

6. Per the Clerk of Court's instructions, the undersigned counsel proceeded to refile the exact same document with the specified designation that very same day [CM/ECF No. 94]—believing that the motion would be granted shortly thereafter.

7. On June 1, 2026, however, the Clerk's Office entered an order denying the requested extension, without any explanation or reasoning [CM/ECF No. 95].

8. Upon further consultation with the Clerk's Office, the undersigned counsel came to understand that the appeal was inadvertently scheduled for submission on the briefs before the Clerk's Office had a chance to process the pending motion for a

second extension, and that some combination of additional motions would be necessary to allow for the filing of Appellant's Reply Brief following the release of the *Hemani* decision. *See* Email Corr. with Clerk's Office [*attached hereto as Exhibit A*].

9. As expected, the *Hemani* decision was released several days later, on June 18, 2026 (*i.e.,* Thursday of last week). *See United States v. Hemani,* No. 24-1234, 2026 WL 1751710, 608 U.S. ___ (U.S. June 18, 2026).

10. Despite not yet having had an opportunity to carefully study the *Hemani* decision or fully consider its implications for this case (as of Tuesday, June 23, 2026), the undersigned counsel can confidently represent that the reasoning is highly instructive as to the arguments raised in Mr. Booker's opening brief.[2]

---

[2]    *See, e.g., Hemani*, at *3 (disavowing the notion that "anyone who unlawfully uses any drug" can be criminally prosecuted under 18 U.S.C. § 922(g)(3) for simply having or "possess[ing] a firearm, for any reason," without running afoul of the Second Amendment); *id.* at *10 ("[Although] some unlawful users of controlled substances can pose a risk of violence… it is far from obvious that 18 U.S.C. § 922(g)(3) confines its reach to those who are categorically and unusually dangerous."). *id.* at *11 (declaring 18 U.S.C. § 922(g)(3) unconstitutional, as applied, "categorically," to all unlawful drug users "without any further showing" that the particular "individual's unlawful use of … controlled substance… render[s] him a danger to others.").
     *Cf.* Appellant's Principal Brief [CM/ECF No. 76] (arguing that 18 U.S.C. § 922(g)(1) is unconstitutional as applied, categorically, to all persons with a prior conviction for any felony crime—and to Mr. Booker, specifically--unless or until a court has engaged in the requisite fact-based inquiry to determine that the particular individual presents danger to others).

## ARGUMENT

11. The Federal Rules of Appellate Procedure provide that "a court may authorize …. its clerk to act on specified types of procedural motions" and case administration matters on its own accord. Fed. R. App. P. 27(b); *see also* Fed. R. App. P. 45 ("Clerk's Duties"); *accord* 6 Cir. R. 45(a)(1) (identifying the various types of orders that "[t]he clerk may prepare, sign, and enter orders or otherwise dispose of … without submission to the court or a judge…).

12. As is relevant here, however, "[t]he clerk must not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form." Fed. R. App. P. 25(a)(4).

13. The principal guardrail against prejudice resulting from the clerk's disposition on a motion or other such action is the availability of review by a judge or panel of this Court upon filing a "motion to reconsider, vacate, or otherwise" modify the order. *See* Fed. R. App. P. 27(b) ("A party adversely affected by the clerk's action may file a motion to reconsider, vacate, or modify that action."); 6 Cir. R. 27(g); 6 Cir. R. 45(c).

14. Here, vacatur is warranted because the Clerk's Office rejected a timely filed motion to extend the time for filing a reply brief "solely because it is not presented in proper form," Fed. R. App. P. 25(a)(4), and inadvertently scheduled the case for submission on the briefs [CM/ECF No. 93], as counsel was actively responding to the clerk's instructions to refile the motion under a different designation. Pursuant to Fed. R. App. P. 25(a)(4), the original motion [CM/ECF No. 92] should have been accepted and put before the Court right away, irrespective of the minor deviation

from the clerk's preferred subcategory designations for extension requests in the Court's electronic filing system. For reasons that are not entirely clear from the docket, it was not—and, as a result—the case was prematurely calendared for submission on the briefs [CM/ECF No. 95]. While the Clerk's Office could have corrected that issue on its own accord, the motion was subsequently denied for reasons that are equally unclear [CM/ECF No. 95]—even after having been refiled, as instructed, with the preferred subcategory designation and nomenclature [CM/ECF No. 94].

15. Setting aside this problematic sequence of events, vacatur is also warranted because the requestion extension was supported by ample "good cause" within the meaning of Fed. R. App. P. 26(b) and filed upon the consent of all parties. As is customary when an extension is sought because the Supreme Court is slated to decide an issue that is directly on point, highly instructive, or potentially dispositive on the principal question before this Court, the original motion for a second extension of time to file Appellant's Reply Brief [CM/ECF No. 92] should have been granted in the first instance.

16. Moreover, since Mr. Booker is serving a lengthy prison sentence and will only ever have this one opportunity to seek review of his conviction on direct appeal, the interests of justice can hardly be said to have been served by denying his request for a modest extension.

17. The Court's premature denial of Mr. Booker's request for oral argument [CM/ECF No. 93] is another prime candidate for reconsideration. As an initial matter, the reasons offered in support of Mr. Booker's request for oral argument in his opening brief [CM/ECF No. 76 at 1-2] are even more compelling now that *Hemani* has been decided.[3]  And when requested, "[o]ral argument must be allowed," unless "a panel of three judges" has "examined the briefs and record," and "unanimously" agrees that oral argument "is unnecessary" because the appeal is either "frivolous," the "dispositive issue" has already been "authoritatively decided," and/or "the facts and legal arguments are adequately presented," such that "the decisional process would not be significantly aided" by oral argument." Fed. R. App. P. 34(a)(2). Here, it is not at all clear how a three-judge panel could have arrived at such a decision when the case was not even yet fully briefed. Accordingly, this Court should reconsider that determination and defer any decision as to whether the case should be calendared for oral argument until after the final reply brief has been filed.

---

[3] As stated in Mr. Booker's opening brief, this appeal presents important constitutional questions about: (1) the validity of his conviction under 18 U.S.C. § 922(g)(1), pursuant to a guilty plea for merely "possessing ammunition" prior to the Supreme Court's seminal decision in *New York State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022); (2) the constitutionality of penalties imposed under that statute for engaging in conduct that is otherwise lawful and protected activity under the Second Amendment; and (3) the availability of "as applied" relief to individuals raising these issues for the first time on direct appeal due to the drastic change in Second Amendment law that *Bruen* and its progeny have instituted over the past four years. *See* Appellant's Brief [CM/ECF No. 76] at 1 (filed Dec. 30, 2025).

## CONCLUSION

18. For the foregoing reasons, Mr. Booker prays for an order: (1) granting his motion to vacate the "procedural orders" docketed as CM/ECF No's 93 and 95; (2) granting his request for a continuance and directing the Clerk of Court to reset the schedule to allow for the filing of his final reply brief within 21 days following the entry of the Court's order on this motion; and (2) staying any decision as to whether this case should be calendared for argument or submitted on the briefs until such time.

Date: June 24, 2026

Respectfully submitted,

By:    /s/ *Agatha M. Cole*

Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
Telephone: (828) 773-2628
Email: agatha@beverlypllc.com

*Counsel for Defendant-Appellant,*
*Mykael Booker*