RECEIVED
8/6/26
KELLY L. STEPHENS, Clerk

No. 22-1877

FILED
8/21/26
KELLY L. STEPHENS, Clerk

IN THE

# United States Court of Appeals for the Sixth Circuit

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

– v. –

MYKAEL BOOKER,

*Defendant-Appellant,*
*Petitioner.*

---

On Appeal from the United States District Court for the Western District of Michigan, Southern Division Case No. 1:20-cr-00189-JMB-4

---

## PETITION FOR PANEL REHEARING

---

August 5, 2026

Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828)773-2628
agatha@beverlypllc.com

*Counsel for Petitioner, Defendant-Appellant, Mykael Booker*

Pursuant to Rule 40 of the Federal Rules of Appellate Procedure, Fed. R. App. P. 40, and corresponding provisions of this Court's local rules, 6 Cir. R. 12 (a)(5)(A), 6 Cir. R. 40(b)(1), Petitioner Mykael Booker (Defendant-Appellant) respectfully requests reconsideration of the panel's decision and order disposing of his appeal, *see United States v. Booker*, No. 22-1877 [CM/ECF No. 99-2], 2026 WL 2111695 (6th Cir. July 22, 2026), for the following reasons:

## PETITION FOR REHEARING

On June 18, 2026, the United States Supreme Court released its latest decision concerning the tension between federal criminal prosecutions under 18 U.S.C. § 922 and the right to bear arms under the Second Amendment. *See United States v. Hemani,* 146 S. Ct. 1677, 608 U.S. ___ (2026). Despite the justices' persistent difference of opinions on how to approach the issue from a jurisprudential standpoint, the Court was unanimous in ruling for the petitioner in this most recent "as applied" challenge to the statute. *See Hemani,* 146 S. Ct. at 1694 (finding that Second Amendment barred the prosecution of Mr. Hemani for violating 18 U.S.C. § 922(g)(3) by knowingly possessing a gun in his home while being an unlawful user of a controlled substance).

As in *Hemani*, Petitioner pleaded guilty to violating 18 U.S.C § 922 following the execution of a search warrant on a private residence, wherein he was found to have ammunition in his possession. *See* Appellant's Br. [CM/ECF No. 76] (Dec. 30, 2025), at 23 (referring to Mr. Booker's admission that he "possessed eight rounds of .45 caliber ammunition," as alleged in the indictment); *Cf. Hemani,* 146 S. Ct. at 1685.

Here, however, the question presented on appeal stems from a different subsection of the statute, which prohibits any person "who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year," from possessing a firearm or ammunition, 18 U.S.C § 922(g)(1). *See* Appellant's Br. [CM/ECF No. 76] (Dec. 30, 2025), at 4 ("Questions Presented"), ¶1 ("Whether § 922(g)(1) … is unconstitutional as applied to Mr. Booker[?]"); *Cf. Hemani,* 146 S. Ct. at 1694 (asking the same question with respect to § 922(g)(3), which "automatically ban[ned] … [Mr. Hemani] from possessing a gun … the moment he bec[ame]… an unlawful [drug] user … regardless of … whether his drug use … ever made him a danger to himself or others, why he keeps a gun, or how safely he does so.").

Notwithstanding the majority's admonition against reading of *Hemani* too broadly, *id.* at 1693, the decision provides a rubric for assessing the constitutionality of the statute in other contexts, which — unequivocally — places the burden of demonstrating that 18 U.S.C. § 922(g) "complies with the Second Amendment" on the government, in any particular context or application. *See Hemani,* 146 S. Ct. at 1694 ("[In conclusion], we cannot say [that the government] has carried its conceded burden...").

Respectfully, that rubric cannot be reconciled with this Court's pre-*Hemani* precedents like *United States v. Williams,* 113 F.4th 637 (6th Cir. 2024), which unconstitutionally shifted that burden onto defendants, *see id.* at 662 ("[i]n considering an as-applied challenge, it is the defendant's burden to show he is not dangerous") — and which the panel expressly relied on in disposing of Mr. Booker's appeal. *See United States v. Booker*, No. 22-1877 [CM/ECF No. 99-2], 2026 WL 2111695, at *2 [Page 4 of 7] (6th Cir. July 22, 2026) ("to successfully bring a Second Amendment challenge to a conviction under § 922(g)(1), a defendant must carry his burden of showing that 'he himself is not actually dangerous.'") (citing *Williams,* 113 F.4th at 657, 663); *id.* [CM/ECF No.

99-2, Page 7 of 7 ] ("Since Booker fails to disprove his dangerousness, Booker has not shown that his conviction under § 922(g)(1) violated his Second Amendment rights.").

In light of this plain error, the decision should be revisited and reconsidered accordingly.

Moreover, because this appeal appears to be the first case to present these issues following the Supreme Court's decision in *United States v. Hemani,* 146 S. Ct. 1677, 608 U.S. ___ (2026), Petitioner would welcome the opportunity to submit further briefing and urges the Court to reconsider his request for oral argument.

Respectfully submitted,

By: /s/ *Agatha M. Cole*

Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite
159
New York, NY 10036
Telephone: (828) 773-2628
Email: agatha@beverlypllc.com

*Counsel for Defendant-Appellant,*
*Mykael Booker*

# CERTIFICATE OF COMPLIANCE

The foregoing Petition for Rehearing complies with all applicable Federal Rules of Appellate Procedure concerning the form, typeface requirements, and length limitations on such petitions because it was prepared in Microsoft Word using double-spaced Century Schoolbook (size 14) font on 8 1/2 by 11 paper with one-inch margins, Fed. R. App. P. 32(a)(4),(5), and because its does not exceed the 3,900 word limit set forth at Fed. R. App. P. 40(d)(3)(A).

By: /s/ *Agatha M. Cole*

Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828) 773-2628
agatha@beverlypllc.com

*Counsel for Defendant-Appellant,*
*Mykael Booker*

NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0323n.06

No. 22-1877

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jul 22, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MYKAEL BOOKER,
Defendant-Appellant,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

---

Before: CLAY, MURPHY, and BLOOMEKATZ, Circuit Judges.

**CLAY, Circuit Judge.** Mykael Booker appeals his conviction for being a felon in possession of a firearm or ammunition under 18 U.S.C. § 922(g)(1). Booker argues that the relevant statute is unconstitutional under the Second Amendment as applied to him. For the reasons set forth below, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

Mykael Booker was involved in a conspiracy to traffic cocaine. Booker obtained a handgun and made statements during intercepted phone calls that led law enforcement to believe that he would threaten or shoot a person who owed him money for drugs. Law enforcement located Booker in an apartment. While they sought a warrant, Booker hid in the apartment for six hours and made more statements about his guns during intercepted phone calls. Upon securing a warrant, law enforcement found Booker in the apartment with cocaine base, drug paraphernalia, an empty

pistol box, and ammunition. Law enforcement later learned that Booker passed off his guns to a woman that day before he was apprehended.

On July 20, 2021, Booker pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). On March 25, 2022, Booker also pleaded guilty to possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

On September 16, 2022, the district court sentenced Booker to 180 months of imprisonment.

## II. DISCUSSION

Booker now challenges, for the first time on appeal, his felon-in-possession conviction, arguing that § 922(g)(1) is unconstitutional as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and its progeny.

### A. Standard of Review

We would ordinarily review a district court's determination "regarding the constitutionality of a statute de novo." *United States v. Rose*, 522 F.3d 710, 716 (6th Cir. 2008) (emphasis omitted). But the district court made no such determination here because, as conceded by Booker, he never raised this challenge below. Where a defendant did not raise a challenge in the district court, "we review it for plain error." *United States v. Johnson*, 95 F.4th 404, 415 (6th Cir. 2024); *see also Greer v. United States*, 593 U.S. 503, 507 (2021) ("If the defendant has 'an opportunity to object' and fails to do so, he forfeits the claim of error. If the defendant later raises the forfeited claim on appeal, [the] plain-error standard applies." (quoting Fed. R. Crim. P. 51(b))).

Booker argues that de novo review applies because the Supreme Court issued the *Bruen* decision on June 23, 2022, after he pleaded guilty on July 20, 2021, and, as a result, he did not

have an opportunity to challenge the constitutionality of his felon-in-possession conviction based on *Bruen* in the district court. But Booker did have an opportunity to raise this challenge in the district court. Booker could have, for instance, moved to withdraw his guilty plea before his sentencing, which did not occur until September 16, 2022. *See United States v. Stubbs*, 279 F.3d 402, 412-413 (6th Cir. 2002) ("A defendant is entitled to withdraw his guilty plea if it is constitutionally infirm."). Since Booker had "an opportunity to object" but failed to do so, we review this challenge for plain error. *See Greer*, 593 U.S. at 507 (citation modified).

"Under plain-error review, a defendant must establish: (1) an error, (2) that was 'plain,' (3) that affected 'substantial rights,' and (4) that seriously impacted 'the fairness, integrity or public reputation of judicial proceedings.'" *Johnson*, 95 F.4th at 416 (quoting *Greer*, 593 U.S. at 507-08).

**B. Second Amendment Claim**

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend II. Such language ensures the "right to possess and carry weapons in case of confrontation." *Dist. of Columbia v. Heller*, 554 U.S. 570, 592 (2008). This right is afforded to "ordinary, law-abiding, adult citizens" and is "not unlimited." *Bruen*, 597 U.S. at 21, 31-32 (citation modified).

In *Bruen*, the Supreme Court required that, to comport with the Second Amendment, a regulation on firearm ownership must be consistent with our nation's "historical tradition of firearm regulation." *Id.* at 17. We have since held that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024) ("The history reveals that legislatures may disarm groups of people, like felons, whom the

legislature believes to be dangerous."). Therefore, to successfully bring a Second Amendment challenge to a conviction under § 922(g)(1), a defendant must carry his burden of showing that "he himself is not actually dangerous." *See id.* at 657, 663.

In assessing whether a defendant is dangerous, the court "should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.* at 663. The court "may evaluate a defendant's entire criminal record," including "any evidence of past convictions." *Id.* at 659-60, 663. "[C]ertain categories of past convictions are highly probative of dangerousness." *Id.* at 658. First, "crimes against the person," such as "murder, rape, assault, and robbery," are "strong evidence that an individual is dangerous." *Id.* at 658. Second, crimes such as "drug trafficking" and "burglary" "put someone's safety at risk, and thus, justify a finding of danger." *Id.* at 659. An individual who has committed a crime "in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous." *Id.* at 663. By contrast, crimes such as "mail fraud" or "making false statements" "cause no physical harm to another person or the community" and may not "make a person dangerous." *Id.* at 659.

Under this framework, Booker fails to show that he is not dangerous. Booker's criminal record reveals that he has multiple drug trafficking convictions. In 2007 and 2008, Booker was convicted of delivering and manufacturing a controlled substance under Michigan Criminal Code 333.7401(2)(a)(4). Then in 2018, Booker was again convicted of delivering and manufacturing a controlled substance under Michigan Criminal Code 333.7401(2)(a)(4). And in the present case, Booker was convicted of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Drug trafficking "inherently poses a significant threat of danger."

*Williams*, 113 F.4th at 663; *see also United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.").

Moreover, in 2011 Booker was convicted of second-degree home invasion under Michigan Criminal Code 750.110a(3). "[S]econd-degree home invasion under Michigan law is the equivalent of . . . burglary of a dwelling." *United States v. Craft*, No. 24-1624, 2025 WL 2888040, at *2 (6th Cir. Oct. 10, 2025) (quoting *United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010)). "[B]urglary is dangerous because it 'creates the possibility of a violent confrontation between the offender and occupant.'" *Williams*, 113 F.4th at 659 (quoting *Taylor v. United States*, 495 U.S. 575, 588 (1990)). Booker's drug trafficking convictions and second-degree home invasion conviction "justify a finding of danger" and make it "very difficult" for Booker to show "that he is not dangerous." *See id.* at 659, 663.

Booker was also on probation for his drug trafficking offense from 2018 when he committed the felon-in-possession offense. While not dispositive, the fact that Booker was on probation for a dangerous crime when he committed the present offense further signals his dangerousness. *See United States v. Goins*, 118 F.4th 794, 797 n.2 (6th Cir. 2024) (explaining that the defendant's "probation goes straight to his dangerousness with respect to his applied challenge"); *see also United States v. Berry*, No. 24-3769, 2025 WL 1082376, at *1 (6th Cir. Apr. 10, 2025) (per curiam) ("What's more, we've upheld the application of § 922(g)(1) to some individuals on probation for dangerous crimes."). His probation is particularly relevant here, given the dangerousness of his offense which led to the probation. *See United States v. Hostettler*, 170 F.4th 539, 545 (6th Cir. 2026).

Even more so, Booker's criminal record demonstrates that he has a disregard for the law. Booker has at least fourteen other convictions, has violated multiple court orders, and has failed to

appear at several court proceedings, all of which show a disregard for the law. Booker's history of disregard for the law, in addition to his multiple convictions for dangerous crimes, preclude him from showing that he is not dangerous. *See Berry*, 2025 WL 1082376, at *1 ("[T]he fact that he has committed a dangerous crime and, in addition, has a long history of disregarding the law means he hasn't rebutted the presumption that he's dangerous."). We thus need not address other factors that may further support a finding of dangerousness, such as the conduct underlying the present offense. *See United States v. Williams*, No. 24-1409, 2025 WL 1136326, at *5 (6th Cir. Apr. 17, 2025) (holding that "we need not consider or analyze" other factors where the defendant's prior "felonies and the fact that he violated a probation condition . . . are sufficient to find that he is dangerous").

Booker does not offer any evidence to show that he is not dangerous. *See United States v. White*, No. 24-2064, 2025 WL 2060869, at *4 (6th Cir. July 23, 2025) ("[W]e note that [the defendant] 'hasn't provided any evidence to show he isn't dangerous.'" (quoting *United States v. Garrison*, No. 24-5455, 2024 WL 5040626, at *2 (6th Cir. Dec. 9, 2024))). Instead, in the face of his criminal history, Booker argues that he is not dangerous because he has not exhibited violent conduct. To the extent that is true, we have on multiple occasions rejected the notion that an individual must have engaged in violence to qualify as dangerous. *See White*, 2025 WL 2060869, at *4 n.7 (collecting cases); *see also Berry*, 2025 WL 1082376, at *1. Our precedent makes clear that Booker's criminal record, including that he has committed crimes such as drug trafficking and second-degree home invasion, "justif[ies] a finding of danger." *See Williams*, 113 F.4th at 659.

Booker also claims that we must vacate his conviction under § 922(g)(1) and remand for the district court to conduct a dangerousness inquiry in the first instance. While remand may sometimes be appropriate, *see Hostettler*, 170 F.4th at 545, such is not the case here. Rather, "there

is no need for us to remand for that purpose, because [Booker's] record 'demonstrates dangerousness.'" *Williams*, 2025 WL 1136326, at *5 (quoting *United States v. Morton*, 123 F.4th 492, 500 (6th Cir. 2024)). Unlike in *Hostettler*, Booker's criminal history report was individualized, and Booker did not object to its contents. *See Hostettler*, 170 F.4th at 544. And, as explained above, a review of that history evidences his dangerousness.

Since Booker fails to disprove his dangerousness, Booker has not shown that his conviction under § 922(g)(1) violated his Second Amendment rights, let alone demonstrated plain error.[1]

## III. CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the judgment of the district court.

---

[1] Booker also challenges the constitutionality of 18 U.S.C. § 924(e)(1), which mandates a fifteen-year sentence for a person, such as Booker, who has three previous convictions and is convicted under § 922(g). Booker bases this challenge on his claim that his conviction under § 922(g)(1) violates the Second Amendment. Since we reject Booker's Second Amendment challenge to § 922(g)(1), we have no basis to question the constitutionality of § 924(e)(1) at this time.